UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DENISE WALTON,**

        **Plaintiff,**

   v.

**THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,**

        **Defendant.**

        Case No. 2:23-cv-1693
        Judge Edmund A. Sargus, Jr.
        Magistrate Judge Chelsey M. Vascura

**OPINION AND ORDER**

This matter is before the Court on Defendant The Guardian Life Insurance Company of America's ("Guardian") Motion to Dismiss Plaintiff's Complaint or Alternatively Transfer Venue (Def. Mot., ECF No. 10.)  For the reasons stated below, the Court **GRANTS** Guardian's Motion and transfers this case to the Northern District of West Virginia.

**BACKGROUND**

Plaintiff Denise Walton lives in Clarksburg, West Virginia.  (Compl., ECF No. 1, at PageID # 1.)  During her career, Walton was employed by Aurora Flight Sciences as a contracts manager.  (*Id.* at PageID # 2.)  As part of her employment, Walton participated in a short- and long-term disability benefit program (the "Plan") provided by Guardian.  (*Id.*)

Walton began experiencing significant back pain in January 2019.  (*Id.*)  This pain forced Walton to work from home for much of 2019, and she underwent back surgery in September 2019 to relieve the pain.  (*Id.*)  Following the surgery, Walton applied for short-term disability benefits through the Plan, which was granted.  (*Id.*)  Walton was out of work on short-term disability for

five months and returned to work in February 2020. (*Id.*)  In April 2020, Walton was again forced to stop working due to the pain and applied for short-term disability benefits, which Guardian granted. (*Id.* at PageID # 3.)  As those benefits waned, Walton applied for long-term disability benefits, which Guardian denied in December 2021. (*Id.* at PageID # 3.)  At all times relevant herein, Walton worked in West Virginia, applied for the Plan while living in West Virginia, and was denied benefits of the Plan while living in West Virginia. (Compl., ECF No. 1; Def. Ex. 6 April 9, 2021 Claim, ECF Nos. 10-7, 10-8 at PageID # 157–61.)  Guardian is incorporated and has its principal place of business in New York. (Def. Mot., ECF. No. 10.)

Seeking long-term disability benefits, Walton sued Guardian in this court under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.* (Compl., ECF No. 1.)  Guardian moves to dismiss or transfer the case for improper venue pursuant to Fed. R. Civ. P. 12(b)(3), or alternatively requests discretionary transfer under 28 U.S.C. §1404(a). (Def. Mot., ECF No. 10.)  Walton filed a response in opposition to the transfer (Pl. Resp., ECF No. 15), and Guardian filed a reply in support of its Motion (Def. Reply, ECF No. 19).  The Motion is ripe for the Court's review.

**ANALYSIS**

ERISA specifically addresses where actions may be brought. Venue is appropriate in any district "where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2).  "A defendant 'resides or may be found,' for ERISA venue purposes, in any district in which its 'minimum contacts' would support the exercise of personal jurisdiction." *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 646 (6th Cir. 2006) (citing *Waeltz v. Delta Pilots Ret. Plan*, 301 F.3d 804, 809–10 (7th Cir. 2002) and *Varsic v. United States District Court*, 607 F.2d 245, 248–49 (9th Cir. 1979)).  Sufficient minimum contacts exist when a

2

"defendant's contacts with the forum state are 'substantial' and 'continuous and systemic,' so that the state may exercise personal jurisdiction over the defendant even if the action does not relate to the defendant's contacts with the state." *Id*. (internal citations omitted).  When venue is improper in the original forum, § 1406(a) enables a district court, in lieu of dismissal, to transfer venue "if it be in the interest of justice . . . to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

The parties dispute only the last ERISA venue option, disagreeing on whether the defendant resides or may be found in the Southern District of Ohio.  (*Compare* Def. Mot., ECF No. 10, *with* Pl. Resp., ECF No. 15.)  Walton concedes that the Plan was administered outside of the Southern District of Ohio, and that the alleged breach took place outside of the Southern District of Ohio.  (*See* Pl. Resp., ECF No. 15.)  For proper venue to exist in the Southern District of Ohio, the Court must assess whether Guardian "resides" or "may be found" here.

To determine whether Guardian "resides" or "may be found" in the Southern District of Ohio, Guardian must have minimum contacts which support the exercise of personal jurisdiction. *Moore*, 446 F.3d at 646.  The Sixth Circuit has clarified that the minimum contacts standard is satisfied when the "defendant's contacts with the forum state are 'substantial' and 'continuous and systematic,' so that the state may exercise personal jurisdiction over the defendant even if the action does not relate to the defendant's contacts with the state." *Id.* (quoting *Youn v. Track, Inc.,* 324 F.3d 409, 417–18 (6th Cir. 2003)).  Thus, a corporation must be subject to either the specific or general jurisdiction of the forum for venue to be proper under ERISA.[1]

---

[1] Specific jurisdiction results when a case "arises out of or relates to the defendant's contacts with the forum." *Daimler AG v. Bauman*, 571 U.S. 117, 118, 134 S. Ct. 746, 749 (2014) (quoting *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U. S. 408, 414, n. 8, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)).  Specific jurisdiction relies on injuries that "arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 2182 (1985) (quotation omitted).  The first two options for venue under ERISA echo this test.  Because

3

The third option for venue under ERISA, where the defendant "resides or may be found," mirrors the standard for general jurisdiction. Mere presence in the forum state is not adequate contact to support general jurisdiction. Rather, the "minimum contacts" test is satisfied when the defendant's contact with the district is so "substantial" and "continuous and systematic" that the defendant is considered "at home" in the forum state. *Daimler*, 571 U.S. at 137 (quotation omitted); *see also Moore*, 446 F.3d at 646.

The "paradigm" forums where a corporate defendant will find itself "at home" are limited: the place of incorporation and the principal place of business. *BNSF Ry. v. Tyrrell*, 581 U.S. 402, 413, 137 S. Ct. 1549, 1558 (2017). A corporate defendant may nevertheless be subject to general jurisdiction outside its place of incorporation or principal place of business in "extraordinary circumstances," such as temporarily relocating the company during World War II. *Id.* (referencing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 72 S. Ct. 413 (1952)).

Considering these principles for determining whether a defendant is subject to general personal jurisdiction, the Court finds that venue is not proper in this district. Venue is proper under the "resides or may be found" standard when the defendant's minimum contacts are sufficient to exercise general personal jurisdiction. *Moore*, 446 F.3d at 646. That standard is not met here. Guardian is incorporated and has its principal place of business in New York. (Def. Mot., ECF. No. 10.) Accordingly, to be "at home" in the Southern District of Ohio, "exceptional circumstances" must be present. *See BNSF Ry.*, 581 U.S. at 413. Such "exceptional circumstances" are not present in this case.

---

the Parties do not contest that venue is improper under those two options, or that Walton's injuries arise from Guardian's contacts with the Southern District of Ohio, the Court will only analyze whether Guardian is subject to the Court's general jurisdiction.

Walton does not address this "exceptional circumstances" requirement, but still argues that Guardian is "at home" in the Southern District of Ohio. Walton contends that because Guardian transacts business in the Southern District of Ohio, the Court has general personal jurisdiction over it. (Pl. Resp., ECF No. 15, at PageID # 181–82.) Moreover, Walton notes that Guardian has initiated prior legal proceedings in this Court. (*Id.*) Guardian responds by noting that existence of jurisdiction in prior proceedings does not establish ERISA venue in this particular case, and that conducting business in Ohio does not satisfy the ERISA "may be found" test for venue. (Def. Reply, ECF No. 19, at PageID # 213–14.)

Guardian's registration to do business in Ohio does not amount to the sort of "exceptional circumstances" required to establish proper venue. The Supreme Court has only narrowly accepted the idea that a state *may* require corporate defendants to consent to its general jurisdiction when registering to do business there. *See Mallory v. Norfolk S. Ry.*, 600 U.S. 122, 143 S. Ct. 2028 (2023). Ohio does not require business registrants to consent to general jurisdiction. *See, e.g., Union Home Mortg. Corp. v. Everett Fin., Inc.*, No. 1:23 CV 00996, 2023 WL 6465171, at *3 (N.D. Ohio Oct. 4, 2023) (finding no general jurisdiction where company conducted business in Ohio because "Ohio statutes contain no such [general jurisdiction] consent provision").

Because this forum is not Guardian's place of incorporation or principal place of business, and Walton has not pointed to any exceptional circumstances, Walton has not shown that there are "minimum contacts" sufficient to subject Guardian to this Court's general all-purpose jurisdiction. Therefore, venue is not proper under the "resides or may be found" standard.

Because Walton resides in the Northern District of West Virginia and was denied benefits when residing there, she could have brought this case in the Northern District of West Virginia. (Compl., ECF No. 1; Def. Ex. 6 April 9, 2021 Claim, ECF Nos. 10-7, 10-8 at PageID # 157–61.)

Accordingly, the Court will transfer this case to the Northern District of West Virginia pursuant to 28 U.S.C. § 1406(a).

## CONCLUSION

For the foregoing reasons, Guardian's Motion to Transfer Venue (ECF. No. 10) is **GRANTED**. The Clerk is hereby **DIRECTED** to transfer this case to the Northern District of West Virginia for all future proceedings and **TERMINATE** this case.

  **IT IS SO ORDERED.**

| | |
|---|---|
| **1/4/2024** | s/Edmund A. Sargus, Jr. |
| **DATE** | **EDMUND A. SARGUS, JR.**<br>**UNITED STATES DISTRICT JUDGE** |